IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HTC CORPORATION, a Taiwan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California Corporation, <br><br> Defendant. | C.A. No.: <br><br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff HTC Corporation ("HTC") for its Complaint against Defendant Apple Inc. ("Apple") hereby alleges as follows:

### Nature of the Action

This is a civil action for patent infringement arising under the laws of the United States relating to patents, 28 U.S.C. § 1338(a), for a remedy by civil action for infringement, 35 U.S.C. § 281 et seq., of HTC's U.S. Patent No. 7,765,414; U.S. Patent No. 7,672,219; and U.S. Patent No. 7,417,944.

### Parties

1.      Plaintiff HTC is a corporation organized and existing under the laws of the Republic of China, with its principal place of business at 23 Xinghua Rd., Taoyuan City, Taoyuan County 330, Taiwan (R.O.C.).  HTC engages in the research, development,

manufacture, and sale of handheld wireless telecommunications devices based on Windows Mobile, Android and Brew Mobile Platform operating systems.  In addition to product research and development, manufacture, and sales, HTC, directly and through its subsidiaries and affiliates, also provides relevant technical and after-sales service support for all of its products.

2.      Upon information and belief, Apple is a corporation organized and existing under the laws of California, with its principal place of business at 1 Infinite Loop, Cupertino, California  95014, which engages in the design, manufacture, sale, offer for sale, and use within the United States, and the importation into the United States, of electronic devices and components including, without limitation, personal computers, mobile communications devices, wireless printers, streaming wireless capable television, wireless network equipment, portable digital music and video players, related communications software, applications, and digital media (collectively, the "Accused Apple Products"), and related services.

## Subject Matter Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this civil action arises under the laws of the United States and because this civil action arises under an Act of Congress relating to patents.

4.      This court has personal jurisdiction over Apple because Apple has established minimum contacts with the forum State of Delaware.  Apple, directly and/or through third-party manufacturers, manufactures and/or assembles Accused Apple Products that are and have been offered for sale, sold, purchased, and used within the State of Delaware.  In

addition, Apple, directly and/or through its distribution networks, regularly places Accused

Apple Products within the stream of commerce, with the knowledge and/or understanding

that such products will be sold in the State of Delaware.  Thus, Apple has purposefully

availed itself of the benefits of the State of Delaware indirectly.

5.     Apple transacts business in the State of Delaware because, among other things,

Apple manufactures and distributes, through its wholly-owned Apple Store Christiana Mall,

125 Christiana Mall, Newark, Delaware 19702, and through independent commercial

retailers located in the State of Delaware, Accused Apple Products that are offered for sale,

sold, purchased, and used within the State of Delaware, and has provided related services

offered to residents of the State of Delaware.  Apple also has committed tortious acts

of patent infringement in the State of Delaware and is subject to personal jurisdiction in the

State of Delaware.  Venue is thus proper in this judicial district pursuant to 28 U.S.C.

§§ 1391(b), (c), (d), and 1400(b).

## Factual Background

6.     The technology at issue relates generally to hardware and software used in the

Accused Apple Products and related services.

7.     The United States Patent and Trademark Office, having determined that the

requirements of law had been complied with, granted U.S. Patent No. 7,765,414 ("the '414

patent"), entitled "CIRCUIT AND OPERATING METHOD FOR INTEGRATED

INTERFACE OF PDA AND WIRELESS COMMUNICATING SYSTEM," on July 27,

2010.  The '414 patent issued as a continuation of application No. 10/249,403, filed on April

7, 2003.  HTC owns by assignment the entire right, title and interest in and to the '414 patent,

including the right to bring this suit and to seek injunctive relief as well as to seek past,

present, and future damages.

8.     The United States Patent and Trademark Office, having determined that the

requirements of law had been complied with, granted U.S. Patent No. 7,672,219 ("the '219

patent"), entitled "MULTIPOINT-TO-POINT COMMUNICATION USING

ORTHOGONAL FREQUENCY DIVISION MULTIPLEXING," on March 2, 2010.  The

'219 patent issued from continuations and divisions of application No. 08/673,002, filed on

June 28, 1996, which in turn recites continuation-in-part applications filed as early as

February 6, 1995.  HTC owns by assignment the entire right, title and interest in and to the

'219 patent, including the right to bring this suit and for injunctive relief and to seek past,

present, and future damages.

9.     The United States Patent and Trademark Office, having determined that the

requirements of law had been complied with, granted U.S. Patent No. 7,417,944 ("the '944

patent"), entitled "METHOD FOR ORDERWIRE MODULATION," on August 26, 2008.

The '944 patent issued from continuations and divisions of application No. 08/673,002, filed

on June 28, 1996, which in turn recites continuation-in-part applications filed as early as

February 6, 1995.  HTC owns by assignment the entire right, title and interest in and to the

'944 patent, including the right to bring this suit to seek injunctive relief as well as to seek

past, present, and future damages.

10.     Upon information and belief, Apple has infringed and continues to infringe,

directly and/or indirectly, one or more claims of each of the '414, '219, and '944 patents

(collectively, "the Asserted Patents"), by engaging in acts that constitute infringement under

4

35 U.S.C. § 271, including, but not necessarily limited to, by making, using, selling, and/or

offering for sale, in Delaware and elsewhere in the United States, and by importing into the

United States, certain electronic devices and components, including, without limitation,

personal computers (for example, the Mac lines of notebook and desktop computers), mobile

communications devices (for example, the iPhone and iPad lines of devices), wireless

printers in conjunction with AirPrint and/or other hardware and software offered by Apple,

streaming wireless capable television (for example, Apple TV), wireless network equipment

(for example, AirPort and Time Capsule), portable digital music and video players (for

example, the iPod lines of devices), related communications software, applications, and

digital media, and related services.

## COUNT I — INFRINGEMENT OF U.S. PATENT NO. 7,765,414

11.    Paragraphs 1-10 are incorporated by reference as if fully stated herein.

12.    The '414 patent, entitled "CIRCUIT AND OPERATING METHOD FOR

INTEGRATED INTERFACE OF PDA AND WIRELESS COMMUNICATING SYSTEM,"

was duly and legally issued on July 27, 2010.  A copy of the '414 patent is attached as

Exhibit A to this Complaint.

13.    HTC is the exclusive and current owner of all rights, title, and interest in the

'414 patent, including the right to bring this suit for injunctive relief, compensatory damages,

and enhanced damages for willful infringement under 35 U.S.C. § 284.

14.    Apple has directly infringed and is directly infringing at least claims 1, 4-13,

and 15-21 of the '414 patent, literally and/or under the doctrine of equivalents, by making,

using, selling, and offering for sale in the United States, and/or importing into the United

5

States, Accused Apple Products and by providing related services that are covered by one or more claims of the '414 patent, including, but not limited to, the Accused Apple Products and related services.

15.     On information and belief, Apple has indirectly infringed the Asserted Patents by contributing to and/or inducing, and will continue to contribute to and/or induce, infringement of at least claims 1, 4-13, and 15-21 of the '414 patent by others in this judicial district and elsewhere in the United States, with direct infringement being accomplished, literally and/or under the doctrine of equivalents, by users of at least the Accused Apple Products and related services.

16.     HTC has been and continues to be damaged by Apple's infringement of the '414 Patent, in an amount to be determined at trial.  On information and belief, Apple has knowledge of the Asserted Patents, and, if and to the extent it may be required, has received actual notice of its infringement of the Asserted Patents at least as of the filing date of the Complaint, if not earlier.

17.     HTC has suffered irreparable injury for which it has no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '414 patent is enjoined by this Court.

18.     On information and belief, Apple's infringement of the '414 patent is willful and, together with other conduct, renders this case exceptional and entitles HTC to enhanced damages under 35 U.S.C. § 284, and its reasonable attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II — INFRINGEMENT OF U.S. PATENT NO. 7,672,219

19.     Paragraphs 1-10 are incorporated by reference as if fully stated herein.

20.     The '219 patent, entitled "MULTIPOINT-TO-POINT COMMUNICATION USING ORTHOGONAL FREQUENCY DIVISION MULTIPLEXING," was duly and legally issued on March 2, 2010.  A copy of the '219 patent is attached as Exhibit B to this Complaint.

21.     HTC is the exclusive and current owner of all rights, title, and interest in the '219 patent, including the right to bring this suit for injunctive relief, compensatory damages, and enhanced damages for willful infringement under 35 U.S.C. § 284.

22.     Apple has directly infringed and is directly infringing at least claims 1-5 of the '219 patent, literally and/or under the doctrine of equivalents, by making, using, selling, and offering for sale in the United States, and/or importing into the United States, Accused Apple Products and by providing related services that are covered by one or more claims of the '219 patent, including, but not limited to, the Accused Apple Products and related services.

23.     On information and belief, Apple has indirectly infringed the Asserted Patents by contributing to and/or inducing, and will continue to contribute to and/or induce, infringement of at least claims 1-5 of the '219 patent by others in this judicial district and elsewhere in the United States, with direct infringement being accomplished by the direct infringement, literally and/or under the doctrine of equivalents, of users of at least the Accused Apple Products and related services.

24.     HTC has been and continues to be damaged by Apple's infringement of the '219 Patent, in an amount to be determined at trial.  On information and belief, Apple has knowledge of the Asserted Patents and, if and to the extent it may be required, has received actual notice of its infringement of the Asserted Patents at least as of the filing date of the Complaint, if not earlier.

25.     HTC has suffered irreparable injury for which it has no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '219 patent is enjoined by this Court.

26.     On information and belief, Apple's infringement of the '219 patent is willful and, together with other conduct, renders this case exceptional and entitles HTC to enhanced damages under 35 U.S.C. § 284, and its reasonable attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT III — INFRINGEMENT OF U.S. PATENT NO. 7,417,944**

27.     Paragraphs 1-10 are incorporated by reference as if fully stated herein.

28.     The '944 patent, entitled "METHOD FOR ORDERWIRE MODULATION," was duly and legally issued on August 26, 2008.  A copy of the '944 patent is attached as Exhibit C to this Complaint.

29.     HTC is the exclusive and current owner of all rights, title, and interest in the '944 patent, including the right to bring this suit for injunctive relief, compensatory damages, and enhanced damages for willful infringement under 35 U.S.C. § 284.

30.     Apple has directly infringed and is directly infringing at least claim 1 of the '944 patent, literally and/or under the doctrine of equivalents, by making, using, selling, and offering for sale in the United States, and/or importing into the United States, Accused Apple Products and by providing related services that are covered by one or more claims of the '944 patent, including, but not limited to, the Accused Apple Products and related services.

31.     On information and belief, Apple has indirectly infringed the Asserted Patents by contributing to and/or inducing, and will continue to contribute to and/or induce, infringement of at least claim 1 of the '944 patent by others in this judicial district and elsewhere in the United States, with direct infringement being accomplished by the direct infringement, literally and/or under the doctrine of equivalents, of users of at least the Accused Apple Products and related services.

32.     HTC has been and continues to be damaged by Apple's infringement of the '944 Patent, in an amount to be determined at trial.  On information and belief, Apple has knowledge of the Asserted Patents and, if and to the extent it may be required, has received actual notice of its infringement of the Asserted Patents at least as of the filing date of the Complaint, if not earlier.

33.     HTC has suffered irreparable injury for which it has no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '944 patent is enjoined by this Court.

34.     On information and belief, Apple's infringement of the '944 patent is willful and, together with other conduct, renders this case exceptional and entitles HTC to enhanced

damages under 35 U.S.C. § 284, and its reasonable attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE,  Plaintiff HTC prays the Court to issue the following judgment against Apple:

A.     That Apple has infringed, directly and/or indirectly, each and every one of the Asserted Patents;

B.     That Apple, its officers, agents, employees, and those persons in active concert or participation with any of them, and their successors and assigns, be permanently enjoined from infringement, inducement of infringement, and contributory infringement of each and every one of the Asserted Patents, including, but not limited to, an injunction against making, using, selling, and/or offering for sale within the United States, and/or against importing into the United States, any products and/or providing any services that infringe the Asserted Patents.

C.     That HTC be awarded all damages adequate to compensate it for Apple's infringement of the Asserted Patents, such damages to be determined by a jury and, if necessary to adequately compensate HTC for the infringement, an accounting, together with prejudgment and postjudgment interest at the maximum rate allowed by law;

D.     That HTC be awarded enhanced damages, as provided in 35 U.S.C. § 284, up to three times the amount of its compensatory damages for Apple's willful infringement;

E.      That the Court find this case exceptional, as provided in 35 U.S.C. § 285, and

award HTC its reasonable attorney fees, together with any and all allowable fees, costs,

and/other expenses incurred in connection with this action;

F.      That the Court award such other relief as the Court may deem just and proper

under the circumstances.


## DEMAND FOR JURY TRIAL

Plaintiff HTC demands a trial by jury on all claims.

Dated: August 15, 2011                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                          */s/ Karen E. Keller*
                                          _____
                                          Karen L. Pascale (No.2903)
                                          John W. Shaw (No. 3362)
                                          Karen E. Keller (No. 4489)
                                          The Brandywine Building
                                          1000 West Street, 17th Floor
                                          Wilmington, DE 19801
                                          (302) 571-6600
                                          kpascale@ycst.com
                                          jshaw@ycst.com
                                          kkeller@ycst.com

OF COUNSEL:

Thomas W. Winland
Steven M. Anzalone
John R. Alison
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
(202) 408-4000                            *Attorneys for Plaintiff*
                                          *HTC CORPORATION*

11