IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HTC CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>Defendant. | C.A. No. 11-715-GMS<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, HTC Corporation ("HTC"), for its First Amended Complaint against Defendant,

Apple Inc. ("Apple"), hereby alleges as follows:

**Nature of the Action**

1.      This is an action under the laws of the United States relating to patents, 35 U.S.C.

§ 271 et seq., alleging infringement of eight United States patents:  U.S. Patent No. 7,765,414;

U.S. Patent No. 7,672,219; U.S. Patent No. 7,417,944; U.S. Patent No. 6,473,006; U.S. Patent

No. 6,708,214; U.S. Patent No. 6,868,283; U.S. Patent No. 7,289,772; and U.S. Patent No.

7,020,849.  This Court has jurisdiction over the action under 28 U.S.C. § 1338(a).

**Parties**

2.      HTC is a corporation organized and existing under the laws of Taiwan, R.O.C.,

with its principal place of business at 23 Xinghua Rd., Taoyuan City, Taoyuan County 330,

Taiwan, R.O.C.  HTC engages in the research, development, manufacture, and sale of handheld

wireless telecommunications devices based on Windows Mobile, Android, and Brew Mobile

Platform operating systems.  In addition to product research and development, manufacture, and

sales, HTC, directly and through its subsidiaries and affiliates, also provides relevant technical and after-sales service support for its products.

3.    Upon information and belief, Apple is a corporation organized and existing under the laws of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014, which:  (a) engages in designing, developing, manufacturing, using, selling, and offering for sale within the United States, and importing into the United States, certain electronic devices and components including, for example and without limitation:  (i) computers; (ii) mobile communications devices and portable digital audio and video players; (iii) WiFi-enabled consumer devices such as streaming television, network devices, and hard drives, and third-party wireless printers and health diagnostic devices, all of which are sold by Apple to customers within the United States; and (iv) associated software, applications, and digital media (collectively, the "Accused Apple Products"); and (b) provides certain related services for the Accused Apple Products, directly or indirectly, within the United States.

### Subject Matter Jurisdiction and Venue

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this civil action arises under the laws of the United States and because this civil action arises under an Act of Congress relating to patents.

5.    This court has personal jurisdiction over the Apple because Apple has established minimum contacts with the forum State of Delaware.  Apple, directly and/or through third-party manufacturers, manufactures and/or assembles Accused Apple Products that are and have been offered for sale, sold, purchased, and used within the State of Delaware.  In addition, Apple, directly and/or through its distribution networks, regularly places Accused Apple Products within the stream of commerce, with the knowledge and/or understanding that such products will be

sold in the State of Delaware, and Apple provides related services to residents of the State of Delaware. Thus, Apple has purposefully availed itself of the benefits of the State of Delaware indirectly.

6.     Apple transacts business in the State of Delaware because, among other things, Apple manufactures and distributes, through its wholly owned Apple Store Christiana Mall, 125 Christiana Mall, Newark, Delaware 19702, and through independent commercial retailers located in the State of Delaware, Accused Apple Products that are offered for sale, sold, purchased, and used within the State of Delaware, and has provided related services offered to residents of the State of Delaware. Apple also has committed tortious acts of patent infringement in the State of Delaware and is subject to personal jurisdiction in the State of Delaware. Venue is thus proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).

## Factual Background

7.     The technology at issue relates generally to hardware and software used in the Accused Apple Products and related services.

8.     The United States Patent and Trademark Office, having determined that the requirements of law had been complied with, granted U.S. Patent No. 7,765,414 ("the '414 patent"), entitled "CIRCUIT AND OPERATING METHOD FOR INTEGRATED INTERFACE OF PDA AND WIRELESS COMMUNICATING SYSTEM," on July 27, 2010. The '414 patent issued as a continuation of application No. 10/249,403, filed on April 7, 2003. HTC owns by assignment the entire right, title, and interest in and to the '414 patent, including the right to bring this suit and to seek injunctive relief as well as to seek past, present, and future damages.

9.     The United States Patent and Trademark Office, having determined that the requirements of law had been complied with, granted U.S. Patent No. 7,672,219 ("the '219

patent"), entitled "MULTIPOINT-TO-POINT COMMUNICATION USING ORTHOGONAL

FREQUENCY DIVISION MULTIPLEXING," on March 2, 2010.  The '219 patent issued from

continuations and divisions of application No. 08/673,002, filed on June 28, 1996, which in turn

recites continuation-in-part applications filed as early as February 6, 1995.  HTC owns by

assignment the entire right, title, and interest in and to the '219 patent, including the right to

bring this suit and for injunctive relief and to seek past, present, and future damages.

10.     The United States Patent and Trademark Office, having determined that the

requirements of law had been complied with, granted U.S. Patent No. 7,417,944 ("the '944

patent"), entitled "METHOD FOR ORDERWIRE MODULATION," on August 26, 2008.  The

'944 patent issued from continuations and divisions of application No. 08/673,002, filed on June

28, 1996, which in turn recites continuation-in-part applications filed as early as February 6,

1995.  HTC owns by assignment the entire right, title, and interest in and to the '944 patent,

including the right to bring this suit to seek injunctive relief as well as to seek past, present, and

future damages.

11.     The United States Patent and Trademark Office, having determined that the

requirements of law had been complied with, granted U.S. Patent No. 6,473,006 ("the '006

patent"), entitled "METHOD AND APPARATUS FOR ZOOMED DISPLAY OF

CHARACTERS ENTERED FROM A TELEPHONE KEYPAD," on October 29, 2002.  The

'006 patent issued from Application No. 09/447,927, filed on November 23, 1999.  HTC owns

by assignment the entire right, title, and interest in and to the '006 patent, including the right to

bring this suit to seek injunctive relief as well as to seek past, present, and future damages.

12.     The United States Patent and Trademark Office, having determined that the

requirements of law had been complied with, granted U.S. Patent No. 6,708,214 ("the '214

patent"), entitled "HYPERMEDIA IDENTIFIER INPUT MODE FOR A MOBILE

COMMUNICATION DEVICE," on March 16, 2004. The '214 patent issued from Application

No. 09/552,996, filed on April 21, 2000. HTC owns by assignment the entire right, title, and

interest in and to the '214 patent, including the right to bring this suit to seek injunctive relief as

well as to seek past, present, and future damages.

13.     The United States Patent and Trademark Office, having determined that the

requirements of law had been complied with, granted U.S. Patent No. 7,289,772 ("the '772

patent"), entitled "TECHNIQUE ALLOWING A STATUS BAR USER RESPONSE ON A

PORTABLE DEVICE GRAPHIC USER INTERFACE," on October 30, 2007. The '772 patent

issued from U.S. Patent Application No. 10/984,114, filed on November 8, 2004. The '772

patent is subject to a terminal disclaimer related to the term of U.S. Patent No. 6,868,283. HTC

owns by assignment the entire right, title, and interest in and to the '772 patent, including the

right to bring this suit to seek injunctive relief as well as to seek past, present, and future

damages.

14.     The United States Patent and Trademark Office, having determined that the

requirements of law had been complied with, granted U.S. Patent No. 6,868,283 ("the '283

patent"), entitled "TECHNIQUE ALLOWING A STATUS BAR USER RESPONSE ON A

PORTABLE DEVICE GRAPHIC USER INTERFACE," on March 15, 2005. The '283 patent

issued from U.S. Patent Application No. 09/764,653, filed on January 16, 2001. The '283

patent's term was extended under 35 U.S.C. § 154(b) by 508 days. HTC owns by assignment the

entire right, title, and interest in and to the '283 patent, including the right to bring this suit to

seek injunctive relief as well as to seek past, present, and future damages.

15.     The United States Patent and Trademark Office, having determined that the requirements of law had been complied with, granted U.S. Patent No. 7,020,849 ("the '849 patent"), entitled "DYNAMIC DISPLAY FOR COMMUNICATION DEVICES," on March 15, 2005. The '849 patent issued from U.S. Patent Application No. 10/159/955, filed on May 31, 2002. The '849 patent's term was extended under 35 U.S.C. § 154(b) by 597 days. HTC owns by assignment the entire right, title, and interest in and to the '849 patent, including the right to bring this suit to seek injunctive relief as well as to seek past, present, and future damages.

16.     Upon information and belief, Apple has infringed and continues to infringe, directly and/or indirectly, one or more claims of each of the '414, '219, '944, '006, '214, '283, '772, and '849 patents (collectively, "the Asserted Patents"), by engaging in acts that constitute infringement under 35 U.S.C. § 271, including, but not necessarily limited to:

(a)     by making, using, selling, and/or offering for sale, in the State of Delaware and elsewhere within the United States, and by importing into the State of Delaware and the United States, certain electronic devices and components, including, without limitation, one or more of the following: (i) computers (for example, and without limitation, the Mac lines of notebook, mini, and desktop computers); (ii) mobile communications devices (for example, and without limitation, the iPhone, iPad, and iPod touch lines of devices, alone or in combination with specialized software such as FaceTime) and portable digital music and video players (for example, and without limitation, the iPhone, iPad, and iPod touch lines of devices, alone or in combination with specialized software such as AirPlay); and (iii) WiFi-enabled consumer devices such as streaming television (for example, and without limitation, Apple TV), network devices and hard drives (for example, and without limitation, the Air Express, AirPort Extreme, and Time Capsule devices), and third-party wireless printers (for example, and without

limitation, the HP ENVY 100 e-All-in-One) and health diagnostice devices (for example, and

without limitation, the Withings body scale), all of which are sold by Apple and used by

consumers in conjunction with the previously identified Apple computers and mobile

communications devices (alone or in combination with network devices and/or specialized

software such as AirPrint or a third-party application); and (iv)  associated software,

applications, and digital media;

>          (b)      by providing one or more related services with respect to the foregoing

devices and components, directly or indirectly, within the United States; and

>          (c)      by inducing and/or contributing to acts of infringement by others with

respect to the foregoing devices and components, with direct infringement being accomplished,

literally and/or under the doctrine of equivalents, by users of at least one or more of such

electronic devices and/or related services.

### COUNT I — INFRINGEMENT OF U.S. PATENT NO. 7,765,414

17.      Paragraphs 1-16 are incorporated by reference as if fully stated herein.

18.      The '414 patent, entitled "CIRCUIT AND OPERATING METHOD FOR

INTEGRATED INTERFACE OF PDA AND WIRELESS COMMUNICATING SYSTEM,"

was duly and legally issued on July 27, 2010.  A copy of the '414 patent is attached as Exhibit A

to this Complaint.

19.      HTC is the exclusive and current owner of all rights, title, and interest in the '414

patent, including the right to bring this suit for injunctive relief, compensatory damages, and

enhanced damages for willful infringement under 35 U.S.C. § 284.

20.      Apple has directly infringed and is directly infringing at least claims 1, 4-13, and

15-21 of the '414 patent, literally and/or under the doctrine of equivalents, by making, using,

selling, and offering for sale within the United States, and/or importing into the United States, one or more of the Accused Apple Products and by providing related services that are covered by one or more claims of the '414 patent.

21.    Upon information and belief, Apple has indirectly infringed the '414 patent by contributing to and/or inducing, and will continue to contribute to and/or to induce, infringement of at least claims 1, 4-13, and 15-21 of the '414 patent by others in this judicial district and elsewhere in the United States, with direct infringement being accomplished, literally and/or under the doctrine of equivalents, by users of at least one or more of the Accused Apple Products and related services.

22.    HTC has been and continues to be damaged by Apple's infringement of the '414 patent, in an amount to be determined at trial.  Upon information and belief, Apple has knowledge of the '414 patent, and, if and to the extent it may be required, has received actual notice of its infringement of the '414 patent at least as of the filing date of the Complaint, if not earlier.

23.    HTC has suffered irreparable injury for which it has no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '414 patent is enjoined by this Court.

24.    Upon information and belief, Apple's infringement of the '414 patent is willful and, together with other conduct, renders this case exceptional and entitles HTC to enhanced damages under 35 U.S.C. § 284, and its reasonable attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II — INFRINGEMENT OF U.S. PATENT NO. 7,672,219

25.    Paragraphs 1-16 are incorporated by reference as if fully stated herein.

26.   The '219 patent, entitled "MULTIPOINT-TO-POINT COMMUNICATION USING ORTHOGONAL FREQUENCY DIVISION MULTIPLEXING," was duly and legally issued on March 2, 2010.  A copy of the '219 patent is attached as Exhibit B to this Complaint.

27.   HTC is the exclusive and current owner of all rights, title, and interest in the '219 patent, including the right to bring this suit for injunctive relief, compensatory damages, and enhanced damages for willful infringement under 35 U.S.C. § 284.

28.   Apple has directly infringed and is directly infringing at least claims 1-5 of the '219 patent, literally and/or under the doctrine of equivalents, by making, using, selling, and offering for sale within the United States, and/or importing into the United States, one or more of the Accused Apple Products and by providing related services that are covered by one or more claims of the '219 patent.

29.   Upon information and belief, Apple has indirectly infringed the '219 patent by contributing to and/or inducing, and will continue to contribute to and/or to induce, infringement of at least claims 1-5 of the '219 patent by others in this judicial district and elsewhere in the United States, with direct infringement being accomplished, literally and/or under the doctrine of equivalents, by users of at least one or more of the Accused Apple Products and related services.

30.   HTC has been and continues to be damaged by Apple's infringement of the '219 Patent, in an amount to be determined at trial.  Upon information and belief, Apple has knowledge of the '219 patent and, if and to the extent it may be required, has received actual notice of its infringement of the '219 patent at least as of the filing date of the Complaint, if not earlier.

31.   HTC has suffered irreparable injury for which it has no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '219 patent is enjoined by this Court.

32.   Upon information and belief, Apple's infringement of the '219 patent is willful and, together with other conduct, renders this case exceptional and entitles HTC to enhanced damages under 35 U.S.C. § 284, and its reasonable attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III — INFRINGEMENT OF U.S. PATENT NO. 7,417,944

33.   Paragraphs 1-16 are incorporated by reference as if fully stated herein.

34.   The '944 patent, entitled "METHOD FOR ORDERWIRE MODULATION," was duly and legally issued on August 26, 2008.  A copy of the '944 patent is attached as Exhibit C to this Complaint.

35.   HTC is the exclusive and current owner of all rights, title, and interest in the '944 patent, including the right to bring this suit for injunctive relief, compensatory damages, and enhanced damages for willful infringement under 35 U.S.C. § 284.

36.   Apple has directly infringed and is directly infringing at least claim 1 of the '944 patent, literally and/or under the doctrine of equivalents, by making, using, selling, and offering for sale within the United States, and/or importing into the United States, one or more of the Accused Apple Products and by providing related services that are covered by one or more claims of the '944 patent.

37.   Upon information and belief, Apple has indirectly infringed '944 patent by contributing to and/or inducing, and will continue to contribute to and/or to induce, infringement of at least claim 1 of the '944 patent by others in this judicial district and elsewhere in the United

States, with direct infringement being accomplished, literally and/or under the doctrine of equivalents, by users of at least one or more of the Accused Apple Products and related services.

38.     HTC has been and continues to be damaged by Apple's infringement of the '944 Patent, in an amount to be determined at trial.  Upon information and belief, Apple has knowledge of the '944 patent and, if and to the extent it may be required, has received actual notice of its infringement of the '944 patent at least as of the filing date of the Complaint, if not earlier.

39.     HTC has suffered irreparable injury for which it has no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '944 patent is enjoined by this Court.

40.     Upon information and belief, Apple's infringement of the '944 patent is willful and, together with other conduct, renders this case exceptional and entitles HTC to enhanced damages under 35 U.S.C. § 284, and its reasonable attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV — INFRINGEMENT OF U.S. PATENT NO. 6,473,006

41.     Paragraphs 1-16 are incorporated by reference as if fully stated herein.

42.     The '006 patent, entitled "METHOD AND APPARATUS FOR ZOOMED DISPLAY OF CHARACTERS ENTERED FROM A TELEPHONE KEYPAD," was duly and legally issued on October 29, 2002.  A copy of the '006 patent is attached as Exhibit D to this Complaint.

43.     HTC is the exclusive and current owner of all rights, title, and interest in the '006 patent, including the right to bring this suit for injunctive relief, compensatory damages, and enhanced damages for willful infringement under 35 U.S.C. § 284.

44.    Apple has directly infringed and is directly infringing at least claims 1, 3, and 7-11 of the '006 patent, literally and/or under the doctrine of equivalents, by making, using, selling, and offering for sale within the United States, and/or importing into the United States, one or more of the Accused Apple Products and by providing related services that are covered by one or more claims of the '006 patent.

45.    Upon information and belief, Apple has indirectly infringed the '006 patent by contributing to and/or inducing, and will continue to contribute to and/or to induce, infringement of at least claims 1, 3, and 7-11 of the '009 patent by others in this judicial district and elsewhere in the United States, with direct infringement being accomplished, literally and/or under the doctrine of equivalents, by users of at least one or more of the Accused Apple Products and related services.

46.    HTC has been and continues to be damaged by Apple's infringement of the '006 patent, in an amount to be determined at trial.  Upon information and belief, Apple has knowledge of the '006 patent and, if and to the extent it may be required, has received actual notice of its infringement of the '006 patent at least as of the filing date of the Complaint, if not earlier.

47.    HTC has suffered irreparable injury for which it has no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '006 patent is enjoined by this Court.

48.    Upon  information and belief, Apple's infringement of the '006 patent is willful and, together with other conduct, renders this case exceptional and entitles HTC to enhanced damages under 35 U.S.C. § 284, and its reasonable attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## <u>COUNT V — INFRINGEMENT OF U.S. PATENT NO. 6,708,214</u>

49.     Paragraphs 1-16 are incorporated by reference as if fully stated herein.

50.     The '214 patent, entitled "HYPERMEDIA IDENTIFIER INPUT MODE FOR A MOBILE COMMUNICATION DEVICE," was duly and legally issued on March 16, 2004.  A copy of the '214 patent is attached as Exhibit E to this Complaint.

51.     HTC is the exclusive and current owner of all rights, title, and interest in the '214 patent, including the right to bring this suit for injunctive relief, compensatory damages, and enhanced damages for willful infringement under 35 U.S.C. § 284.

52.     Apple has directly infringed and is directly infringing at least claims 1-3 of the '214 patent, literally and/or under the doctrine of equivalents, by making, using, selling, and offering for sale within the United States, and/or importing into the United States, one or more of the Accused Apple Products and by providing related services that are covered by one or more claims of the '214 patent.

53.     Upon information and belief, Apple has indirectly infringed the '214 patent by contributing to and/or inducing, and will continue to contribute to and/or induce, infringement of at least claims 1-3 of the '214 patent by others in this judicial district and elsewhere in the United States, with direct infringement being accomplished, literally and/or under the doctrine of equivalents, by users of at least one or more of the Accused Apple Products and related services.

54.     HTC has been and continues to be damaged by Apple's infringement of the '214 patent, in an amount to be determined at trial.  Upon information and belief, Apple has knowledge of the '214 patent and, if and to the extent it may be required, has received actual notice of its infringement of the '214 patent at least as of the filing date of the Complaint, if not earlier.

55.     HTC has suffered irreparable injury for which it has no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '214 patent is enjoined by this Court.

56.     Upon information and belief, Apple's infringement of the '214 patent is willful and, together with other conduct, renders this case exceptional and entitles HTC to enhanced damages under 35 U.S.C. § 284, and its reasonable attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI — INFRINGEMENT OF U.S. PATENT NO. 6,868,283

57.     Paragraphs 1-16 are incorporated by reference as if fully stated herein.

58.     The '283 patent, entitled "TECHNIQUE ALLOWING A STATUS BAR USER RESPONSE ON A PORTABLE DEVICE GRAPHIC USER INTERFACE," was duly and legally issued on March 15, 2005.  A copy of the '283 patent is attached as Exhibit F to this Complaint.

59.     HTC is the exclusive and current owner of all rights, title, and interest in the '283 patent, including the right to bring this suit for injunctive relief, compensatory damages, and enhanced damages for willful infringement under 35 U.S.C. § 284.

60.     Apple has directly infringed and is directly infringing at least claims 11, 12, and 19 of the '283 patent, literally and/or under the doctrine of equivalents, by making, using, selling, and offering for sale within the United States, and/or importing into the United States, one or more of the Accused Apple Products and by providing related services that are covered by one or more claims of the '283 patent.

61.     Upon information and belief, Apple has indirectly infringed the '283 patent by contributing to and/or inducing, and will continue to contribute to and/or induce, infringement of

at least claims 11, 12, and 19 of the '283 patent by others in this judicial district and elsewhere in the United States, with direct infringement being accomplished, literally and/or under the doctrine of equivalents, by users of at least one or more of the Accused Apple Products and related services.

62.     HTC has been and continues to be damaged by Apple's infringement of the '283 patent, in an amount to be determined at trial.  Upon information and belief, Apple has knowledge of the '283 patent and, if and to the extent it may be required, has received actual notice of its infringement of the '283 patent at least as of the filing date of the Complaint, if not earlier.

63.     HTC has suffered irreparable injury for which it has no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '283 patent is enjoined by this Court.

64.     Upon information and belief, Apple's infringement of the '283 patent is willful and, together with other conduct, renders this case exceptional and entitles HTC to enhanced damages under 35 U.S.C. § 284, and its reasonable attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII — INFRINGEMENT OF U.S. PATENT NO. 7,289,772

65.     Paragraphs 1-16 are incorporated by reference as if fully stated herein.

66.     The '772 patent, entitled "TECHNIQUE ALLOWING A STATUS BAR USER RESPONSE ON A PORTABLE DEVICE GRAPHIC USER INTERFACE," was duly and legally issued on October 30, 2007.  A copy of the '772 patent is attached as Exhibit G to this Complaint.

67.    HTC is the exclusive and current owner of all rights, title, and interest in the '772 patent, including the right to bring this suit for injunctive relief, compensatory damages, and enhanced damages for willful infringement under 35 U.S.C. § 284.

68.    Apple has directly infringed and is directly infringing at least claims 1, 2, and 9 of the '772 patent, literally and/or under the doctrine of equivalents, by making, using, selling, and offering for sale within the United States, and/or importing into the United States, one or more of the Accused Apple Products and by providing related services that are covered by one or more claims of the '772 patent.

69.    Upon information and belief, Apple has indirectly infringed the '772 patent by contributing to and/or inducing, and will continue to contribute to and/or induce, infringement of at least claims 1, 2, and 9 of the '772 patent by others in this judicial district and elsewhere in the United States, with direct infringement being accomplished, literally and/or under the doctrine of equivalents, by users of at least one or more of the Accused Apple Products and related services.

70.    HTC has been and continues to be damaged by Apple's infringement of the '772 patent, in an amount to be determined at trial.  Upon information and belief, Apple has knowledge of the '772 patent and, if and to the extent it may be required, has received actual notice of its infringement of the '772 patent at least as of the filing date of the Complaint, if not earlier.

71.    HTC has suffered irreparable injury for which it has no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '772 patent is enjoined by this Court.

72.    Upon information and belief, Apple's infringement of the '772 patent is willful and, together with other conduct, renders this case exceptional and entitles HTC to enhanced

damages under 35 U.S.C. § 284, and its reasonable attorney fees and costs incurred in

prosecuting this action under 35 U.S.C. § 285.

### COUNT VIII — INFRINGEMENT OF U.S. PATENT NO. 7,020,849

73.    Paragraphs 1-16 are incorporated by reference as if fully stated herein.

74.    The '849 patent, entitled "DYNAMIC DISPLAY FOR COMMUNICATION

DEVICES," was duly and legally issued on March 28, 2006.  A copy of the '849 patent is

attached as Exhibit H to this Complaint.

75.    HTC is the exclusive and current owner of all rights, title, and interest in the '849

patent, including the right to bring this suit for injunctive relief, compensatory damages, and

enhanced damages for willful infringement under 35 U.S.C. § 284.

76.    Apple has directly infringed and is directly infringing at least claims 1, 5, 9-11,

13, 14, 16, and 17 of the '849 patent, literally and/or under the doctrine of equivalents, by

making, using, selling, and offering for sale within the United States, and/or importing into the

United States, one or more of the Accused Apple Products and by providing related services that

are covered by one or more claims of the '849 patent.

77.    Upon information and belief, Apple has indirectly infringed the '849 patent by

contributing to and/or inducing, and will continue to contribute to and/or induce, infringement of

at least claims 1, 5, 9-11, 13, 14, 16, and 17 of the '849 patent by others in this judicial district

and elsewhere in the United States, with direct infringement being accomplished, literally and/or

under the doctrine of equivalents, by users of at least one or more of the Accused Apple Products

and related services.

78.    HTC has been and continues to be damaged by Apple's infringement of the '849

patent, in an amount to be determined at trial.  Upon information and belief, Apple has

knowledge of the '849 patent and, if and to the extent it may be required, has received actual notice of its infringement of the '849 patent at least as of the filing date of the Complaint, if not earlier.

79.    HTC has suffered irreparable injury for which it has no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '849 patent is enjoined by this Court.

80.    Upon information and belief, Apple's infringement of the '849 patent is willful and, together with other conduct, renders this case exceptional and entitles HTC to enhanced damages under 35 U.S.C. § 284, and its reasonable attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE,  Plaintiff HTC prays the Court to issue the following judgment against Apple:

A.    That Apple has infringed, directly and/or indirectly, each and every one of the Asserted Patents;

B.    That Apple, its officers, agents, employees, and those persons in active concert or participation with any of them, and their successors and assigns, be permanently enjoined from direct and indirect infringement, including, but not limited to, inducement of infringement and contributory infringement, of each and every one of the Asserted Patents, including, but not limited to, an injunction against making, using, selling, and/or offering for sale within the United States, and/or against importing into the United States, any products and/or providing any services that infringe the Asserted Patents.

C.     That HTC be awarded all damages adequate to compensate it for Apple's

infringement of the Asserted Patents, such damages to be determined by a jury and, if necessary

to adequately compensate HTC for the infringement, an accounting, together with prejudgment

and post-judgment interest at the maximum rate allowed by law;

D.     That HTC be awarded enhanced damages, as provided in 35 U.S.C. § 284, up to

three times the amount found or assessed, for Apple's willful infringement;

E.     That the Court find this case to be exceptional, as provided in 35 U.S.C. § 285,

and award HTC its reasonable attorney fees, together with any and all allowable fees, costs,

and/other expenses incurred in connection with this action;

F.     That the Court award such other relief as the Court may deem just and proper

under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff HTC demands a trial by jury on all claims.

Dated: September 6, 2011

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
John R. Alison
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
(202) 408-4000

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

John W. Shaw (#3362) *[jshaw@ycst.com]*
Karen L. Pascale (#2903) *[kpascale@ycst.com]*
Karen E. Keller (#4489) *[kkeller@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Plaintiff HTC Corporation*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 6, 2011, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF (which will send notification that such filing is available for viewing and

downloading to all registered counsel), and in addition caused true and correct copies of the

foregoing document to be served upon the following counsel of record in the manner indicated::

***By E-Mail:***

Richard K. Herrmann [rherrmann@morrisjames.com]
Mary B. Matterer [mmatterer@morrisjames.com]
Kenneth L. Dorsney [kdorsney@morrisjames.com]
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

*Attorneys for Defendant Apple Inc.*

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (#2903) [*kpascale@ycst.com]*
John W. Shaw (#3362) *[jshaw@ycst.com]*
Karen E. Keller (#4489) [*kkeller@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Plaintiff HTC Corporation*